### 24282. SMITH *v.* CITY OF ATLANTA.

BROYLES, C. J. 1. Any disabled or indigent veteran of the World War, who is a resident of this State, may peddle or conduct business in any town, city or county thereof without obtaining a license for the privilege of so doing; and the certificate from the ordinary of any county, stating the fact of his being such disabled or indigent veteran shall be sufficient proof of such fact: Provided that the veteran does not engage in peddling or dealing in intoxicating drinks, or running a billiard, pool or other table of like character, or dealing in futures, or peddling stoves or clocks, or carrying on the business of a pawnbroker or auctioneer, or dealing in lightning-rods; and provided further, that the privileges hereby granted shall not be transferred to or used by any other person. Code of 1933, § 84-2011.

2. The accused was convicted in the recorder's court of the city of Atlanta of doing business without a license, in violation of an ordinance of the city. The undisputed evidence showed that the ordinary of Fulton county had issued a certificate granting to the defendant, as a disabled veteran of the World War, the right to peddle or conduct a business in any county or municipality of Georgia, without paying a license for the same; provided that the veteran conduct such business on his own account only, and not for any other person, directly or indirectly, and that he does not engage in any business prohibited by statute. No evidence was adduced to rebut the presumption raised by the certificate that the defendant was a disabled World War veteran. The evidence disclosed that the defendant was engaged in the business of operating slot-machines, and that he had placed such machines (owned by him) in five or six different stores in Atlanta, under an arrangement with the owners or managers thereof whereby they received one half of the gross amount of pennies taken in by the machines, the other half going to the defendant; that the machines were kept locked, and were opened only by an employee of the defendant when he visited the stores, took out the pennies, and divided the money, giving one half to the owners of the stores and turning the other half over to the defendant. The evidence showed that the business was owned exclusively by the defendant and that no other person had a joint interest in the machines, or a joint interest in *both* the profits and losses of the business. It follows that the evidence did not show a partnership in the business by the defendant and the owners of the stores where the slot-machines were located. See Code of 1933, § 75-102. Nor did it appear from

18

the evidence that the defendant had transferred, directly or indirectly, his privileges to any other person. See, in this connection, *Hartfield* v. *Columbus*, 109 *Ga.* 112 (34 S. E. 288). The judgment of the recorder was not authorized by the evidence, and the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 26, 1935.

*William G. McRae,* for plaintiff in error.
*J. L. Mayson, C. S. Winn, J. C. Savage,* contra.